UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

04 - 12508 GAO

|  |  |  |
|---|---|---|
| FIRST PIONEER FARM CREDIT, | ) | |
| | ) | |
| Plaintiff, | ) MAGISTRATE JUDGE _____ | RECEIPT # _____ |
| | ) | AMOUNT $ 150 |
| v. | ) | CIVIL ACTION |
| | ) | NO.    -    SUMMONS ISSUED YES |
| FIRST PIONEER CREDIT UNION, | ) | LOCAL RULE 4.1 _____ |
| | ) | WAIVER FORM _____ |
| Defendant. | ) | MCF ISSUED _____ |
| | ) | BY DPTY. CLK. TOM |
| | | DATE 11 30 04 |

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff First Pioneer Farm Credit, ACA ("First Pioneer"), by and through its

undersigned attorneys, alleges as follows:

### NATURE OF THIS ACTION

1.     First Pioneer brings this action against First Pioneer Credit Union (the "Credit

Union") under federal and state law for trademark infringement, dilution, and unfair trade

practices.  By this action, First Pioneer seeks injunctive relief prohibiting the Credit Union from

further infringing, misleading, and unfair use of the Plaintiff's "First Pioneer" service mark.

### JURISDICTION AND VENUE

2.     This action arises under the trademark laws of the Unites States, Title 15 of the

United States Code (the "Lanham Act"), more particularly 15 U.S.C. §1125, and Massachusetts

statutory and common law.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

This Court has jurisdiction of Plaintiff's state law claims under 28 U.S.C. §1367 (Supplemental

Jurisdiction).  Venue is proper in this district under 28 U.S.C. §1391.

## THE PARTIES

3.    Plaintiff, First Pioneer, is a federal instrumentality organized under the laws of the United States Farm Credit Act of 1971, with its principal place of business located at 174 South Road, Enfield, Connecticut and a branch office located at 67 Bedford Street, Middleboro, Massachusetts.

4.    First Pioneer provides a full range of financial services to its customers, including among other services, commercial and consumer loans, mortgage loans, property value appraisal, risk management, tax planning, tax preparation, business consulting, and plan succession. Among others, First Pioneer serves farmers, nursery and greenhouse operators, forest products businesses, fishermen, lobstermen, part-time farmers, agribusinesses, and residents of rural areas. First Pioneer has over 10,000 customers in Massachusetts, Connecticut, New York, New Jersey, Rhode Island, and New Hampshire.

5.    The Credit Union is a Massachusetts chartered credit union with its principal place of business located at 730 Worcester Street, Indian Orchard, Massachusetts. The Credit Union also operates in Springfield and Chicopee, Massachusetts, and it claims to have approximately 5,000 members. According to the Credit Union's web site, membership in the Credit Union is available to those who work or reside in Hampden, Hampshire, and Franklin Counties, as well as any family members of those who work or reside in those counties, even if those family members work or reside elsewhere. The Credit Union, formerly known as Monsanto Employees Credit Union, is a full service financial institution that provides loans, mortgages, and other financial services in competition with First Pioneer.

### FACTUAL BACKGROUND

### Plaintiff's Use Of The First Pioneer Service Mark

6.      Plaintiff has been in the financial services business for over 75 years. On November 23, 2004, the Farm Credit Administration ("FCA") approved the formal charter amendment of Southern New England Farm Credit changing its name to First Pioneer Farm Credit. The effective date of the charter amendment was January 1, 1995.

7.      Beginning in November 1994, the Plaintiff adopted and started using the service mark "First Pioneer" in interstate commerce to identify its services and distinguish its services from those provided by its competitors, by among other things, prominently displaying the "First Pioneer" mark in its advertising and promotional materials.

8.      Since 1994 and continuing without interruption, First Pioneer has offered financial services under the "First Pioneer" service mark. First Pioneer continues to prominently use the "First Pioneer" mark on its advertising and promotional materials, including its website, to identify and distinguish its services from those provided by its competitors. In the ten years that Plaintiff has used the "First Pioneer" mark, the "First Pioneer" reputation and name recognition have continuously grown throughout the financial services industry. The "First Pioneer" mark has become well known throughout Massachusetts and the eastern United States as a provider of the Plaintiff's services.

9.      Over the years, First Pioneer has spent a substantial amount of time and money in advertising and promotional efforts aimed at establishing the "First Pioneer" service mark in the minds of consumers as a provider of a full range of financial services. During the last five years alone, First Pioneer spent on average approximately $100,000 per year on advertisements and promotional materials to extend the recognition of its "First Pioneer" service mark. By virtue of

these efforts, First Pioneer has developed substantial value, recognition, and goodwill in the mark "First Pioneer" within the financial services industry throughout Massachusetts and the other eastern United States.

10.    Over the years, the "First Pioneer" mark has come to be widely recognized by consumers and others in the financial services industry, including consumers and others in Massachusetts, as representing First Pioneer's business and services.

11.    First Pioneer registered "First Pioneer" as a service mark in the State of Massachusetts, pursuant to Massachusetts General Laws, Chapter 110B, Section 2, on July 8, 2004.

12.    First Pioneer registered "First Pioneer" as a service mark in the State of New York, pursuant to Article 24 of the General Business Law, on July 20, 2004.

13.    First Pioneer registered "First Pioneer" as a service mark in the State of New Hampshire, pursuant to the Model State Trademark Act (RSA 350-A), on July 20, 2004.

14.    First Pioneer registered "First Pioneer" as a service mark in the State of Rhode Island, pursuant to chapter 6-2-4 of the Rhode Island General Laws, on July 20,2004.

15.    First Pioneer registered "First Pioneer" as a service mark in the State of Connecticut, pursuant to Connecticut General Statutes section 35-11, on August 9, 2004.

### Defendant's Unauthorized and Unlawful Use of
### the "First Pioneer" Mark Beginning in November 2003

16.    According to its website, the Credit Union began using the trade name and service mark "First Pioneer" in connection with its financial services in November 2003 -- approximately 10 years after First Pioneer began using the mark.

17.    On information and belief, the Credit Union provides financial services that are similar to and in competition with those offered by First Pioneer.  In recent months, the Credit

BOS_468061_1/EANDERSON

Union began a campaign to advertise and market its services under the name "First Pioneer," including the use of radio advertisements, without the Plaintiff First Pioneer's permission or consent. The Credit Union also began utilizing the URL "www.1stpioneercu.com," which is very similar to First Pioneer's "www.firstpioneer.com" website.

18.     In February 2004, upon learning of the Credit Union's infringing use of the "First Pioneer," counsel for First Pioneer contacted James Nagy, President and CEO of the Credit Union, and notified Nagy and the institution that (1) First Pioneer was the owner of the mark "First Pioneer," which First Pioneer had used continuously and exclusively in the promotion and advertisement of its financial services; (2) First Pioneer had invested heavily in and built substantial value, goodwill, and reputation in the mark "First Pioneer;" and (3) the Credit Union's activities were infringing First Pioneer's intellectual property rights in its mark. (A true and accurate copy of First Pioneer's February 2004 letter is attached hereto as Exhibit A.)

19.     Following First Pioneer's initial letter, at the Credit Union's request, the parties explored the possibility of a concurrent use agreement that might allow the Credit Union to continue using the "First Pioneer" mark, but they were unable to identify any such use that would avoid consumer confusion.

20.     In particular, the FCA has said that it would find the names confusing and that concurrent use of the names would violate FCA policy.

21.     On November 15, 2004, after unsuccessful discussions with the Credit Union to attempt to resolve its dispute regarding the Credit Union's infringing activity without the need for litigation, First Pioneer sent a letter to the Credit Union's counsel again notifying the Credit Union of its infringing use of the "First Pioneer" mark and requesting, within three business days, a proposal from the Credit Union to withdraw all infringing uses of First Pioneer's service

- 5 -

mark. (A true and accurate copy of First Pioneer's November 2004 letter is attached hereto as Exhibit B.)

22.     On November 18, 2004, counsel for the Credit Union wrote to counsel for First Pioneer informing First Pioneer that the Credit Union will not cease its use of First Pioneer's mark.

23.     Despite due demand that it refrain from using First Pioneer's service mark in commerce (*i.e.*, advertising and marketing of its financial services), the Credit Union has engaged in a campaign of false and misleading advertising designed to infringe upon First Pioneer's intellectual property rights, confuse the public about the origin of the Credit Union's services, injure the Plaintiff's goodwill, and dilute the quality of its distinctive "First Pioneer" mark.

24.     The Credit Union's misuse of First Pioneer's mark has caused, and is likely to continue to cause, confusion among consumers seeking financial services.

25.     In recent months, First Pioneer has received several inquiries a week from potential and existing customers who have made it clear that they have confused First Pioneer and the Credit Union. For example, First Pioneer has received calls from members of the community regarding activities the Credit Union was sponsoring that had nothing to do with First Pioneer. First Pioneer also has received calls from members of the community commenting on the institution's new building and new branch location, apparently believing the Credit Union's new building and branch location are associated with First Pioneer.

26.     The Credit Union's unfair and deceptive conduct likely will result in a loss of customers for First Pioneer's services, lost profits to First Pioneer, damage to First Pioneer's business reputation, and the dilution of the distinctive quality of its mark.

27.    By reason of the Credit Union's misuse of First Pioneer's mark, First Pioneer has suffered and will continue to suffer damage to its business, reputation, and goodwill, as well as the loss of customers. The Credit Union's infringement will continue, causing irreparable harm to First Pioneer, unless enjoined by this Court. Moreover, it would be difficult to ascertain the amount of compensation necessary to afford First Pioneer adequate relief for such continuing harm. First Pioneer's remedy at law is thus inadequate to compensate it for the injuries incurred and threatened as a result of the Credit Union's unlawful and wrongful conduct. Accordingly, First Pioneer is entitled to injunctive relief prohibiting further infringement.

<u>**COUNT I**</u>

**Unfair Competition in Violation of**
**§ 43(a) of the Lanham Act – 15 U.S.C. § 1125(a)**

28.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.    The Credit Union's above described acts, including without limitation its misleading and deceptive representations to the public in its press releases and advertising materials, constitute false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Such unfair competition has enabled and will continue to enable the Credit Union to obtain business and earn profits to which it is not in equity or good conscience entitled.

30.    The Credit Union has infringed First Pioneer's mark with the intent to deceive the public into believing that services provided by the Credit Union are approved by, sponsored by, or affiliated with, First Pioneer. The Credit Union's acts as alleged herein were committed with the intent to pass off the Credit Union's services as those of First Pioneer, with the intent to deceive and defraud the public.

BOS_468061_1/EANDERSON

31.    As a direct and proximate result of the Credit Union's misuse of First Pioneer's mark, the Credit Union has caused First Pioneer irreparable harm and injury and will continue to do so unless the Credit Union is restrained and enjoined by this Court from further violations of First Pioneer's rights. Accordingly, First Pioneer is entitled to preliminary and permanent injunctive relief prohibiting further infringement pursuant to 15 U.S.C. § 1116.

## COUNT II

### Trademark Infringement in Violation of
### Chapter 110B, § 11 of Massachusetts General Laws

32.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.    The Credit Union's unauthorized use of the state registered "First Pioneer" service mark in connection with the promotion, advertisement, and marketing of its financial services is likely to cause confusion as to the source of the financial services provided under the mark "First Pioneer."

34.    As a result of the Credit Union's unauthorized use of First Pioneer's service mark, the Credit Union has caused irreparable harm and injury and will continue to do so unless the Credit Union is restrained and enjoined by this Court from further violations of First Pioneer's rights. Accordingly, First Pioneer is entitled to preliminary and permanent injunctive relief prohibiting further infringement, pursuant to Mass. Gen. L. ch. 110B, §§ 11 and 13.

## COUNT III

### Trademark Dilution in Violation of
### Chapter 110B, § 12 of Massachusetts General Laws

35.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

BOS_468061_1/FANDERSON

36.     The Credit Union's unauthorized use of the state registered "First Pioneer" service mark in connection with the promotion, advertisement, and marketing of its financial services, has injured and will, unless restrained by this Court, continue to injure First Pioneer's business reputation and to dilute the distinctive quality of its mark in violation of Mass. Gen. L. ch. 110B, § 12.

37.     As a result of the Credit Union's unauthorized use of First Pioneer's service mark, the Credit Union has caused First Pioneer irreparable harm and injury and will continue to do so unless the Credit Union is restrained and enjoined by this Court from further violations of First Pioneer's rights. Accordingly, First Pioneer is entitled to preliminary and permanent injunctive relief prohibiting further infringement, pursuant to Mass. Gen. L. ch. 110B, § 12.

**COUNT IV**

**Unfair and Deceptive Trade Practices in Violation of
Chapter 93A, § 2 of Massachusetts General Laws**

38.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     The Credit Union has willfully and knowingly engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its financial services business in violation of chapter Mass. Gen. L. ch. 93A, §§ 2 and 11.

40.     As a direct and proximate result of the Credit Union's above-described conduct, the Credit Union has caused First Pioneer irreparable harm and injury and will continue to do so unless the Credit Union is restrained and enjoined by this Court from further violations of First Pioneer's rights. Accordingly, First Pioneer is entitled to preliminary and permanent injunctive relief prohibiting further infringement, pursuant to Mass. Gen. L. ch. 93A, § 11.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, First Pioneer Farm Credit, ACA, respectfully requests that the Court:

1.  Enter an order granting, *inter alia*, the following preliminary injunctive relief:

    (a) Enjoining the Credit Union from directly or indirectly using First Pioneer's "First Pioneer" mark or any other mark, word, or name similar to First Pioneer's mark in its signage, or in any press release, advertisement, or promotional material or in connection with the marketing, advertising, or promotion of its financial services;

    (b) Enjoining and restraining the Credit Union from continuing the acts of unfair competition and deceptive practices alleged above;

2.  Enter an order granting judgment in First Pioneer's favor on all Counts asserted in this Complaint;

3.  Enter an order granting the following permanent injunctive relief:

    (a) Enjoining and restraining the Credit Union from directly or indirectly using the words "First Pioneer," or any other mark, word, or name similar to First Pioneer's mark in its signage, or in any press release, advertisement, or promotional material or in connection with the marketing, advertising, or promotion of its financial services;

    (b) Enjoining and restraining the Credit Union from continuing the acts of unfair competition and deceptive practices alleged above;

4.  Award First Pioneer its damages to be proven at trial;

BOS_468061_1/EANDERSON

5.     Award First Pioneer its attorneys' fees pursuant to 15 U.S.C. § 1116, chapter
       110B of the Massachusetts General Laws and/or chapter 93A of the
       Massachusetts General Laws; and

6.     Grant such other and further relief as this Court deems just and equitable under
       the circumstances.

BOS_468061_1/FANDERSON

## JURY DEMAND

First Pioneer Farm Credit demands a jury trial on all issues so triable.


## VERIFICATION

I do hereby affirm, under the pain and penalties of perjury, that I have read the foregoing

Verified Complaint and that, as to the factual obligations contained herein, they are true and

accurate. As to those matters stated upon information and belief, I believe them to be true.

William Lipinski

Respectfully Submitted,

FIRST PIONEER FARM CREDIT, ACA,

By its attorneys,

Steven M. Cowley (BBO No. 554534)
Elizabeth A. Spinney (BBO No. 657848)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
Ph: 617·439·4444
Fx: 617·439·4170

Dated: November 29, 2004

- 12 -

## JURY DEMAND

First Pioneer Farm Credit demands a jury trial on all issues so triable.


## VERIFICATION

I do hereby affirm, under the pain and penalties of perjury, that I have read the foregoing Verified Complaint and that, as to the factual obligations contained herein, they are true and accurate. As to those matters stated upon information and belief, I believe them to be true.


_____

William Lipinski


Respectfully Submitted,

FIRST PIONEER FARM CREDIT, ACA,

By its attorneys,


_____
Steven M. Cowley (BBO No. 554534)
Elizabeth A. Spinney (BBO No. 657848)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
Ph: 617·439·4444
Fx: 617·439·4170


Dated: November 29, 2004

BOS_468061_1/EANDERSON

# Edwards &Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

**Jonathan M. Lourie**
617.951.2250
*direct fax* 888.325.9115
jlourie@EdwardsAngell.com

February 27, 2004

**VIA CERTIFIED MAIL**

First Pioneer Credit Union
730 Worcester Street
Indian Orchard, MA 01151
Attention: James P. Nagy, President/CEO

**Re:     First Pioneer Farm Credit, ACA**

Dear Mr. Nagy:

This office represents **First Pioneer Farm Credit, ACA** with offices in Massachusetts, Connecticut, New York, Rhode Island, New Hampshire and New Jersey.  It has come to our attention that you have recently started using the name "First Pioneer" and the domain name in connection with your credit union.

Please be advised that my client and its predecessors has been in the financial services business for over 75 years, and has been using that name since at least prior to 1995 and therefore the mark "First Pioneer" constitutes their trademark and servicemark.  First Pioneer Farm Credit, ACA has invested heavily in and built up substantial value, goodwill and reputation in the mark "First Pioneer".

Dominant element of the mark "First Pioneer Credit Union" is identical to my client's mark.  When the mark "First Pioneer Credit Union" is applied to First Pioneer Credit Union services, it is likely to be confused with and mistaken for my client's mark and likely to cause the public to conclude that First Pioneer Credit Union services originate with, or authorized or sponsored by or have some connection with my client, and to cause confusion, or cause a mistake or deceive.

Given that your financial institution offers financial services similar in nature to those offered by First Pioneer Farm Credit, ACA, and its predecessor banks, your use of the mark will cause actual confusion in the marketplace.  Your use of the marks "First Pioneer" and "First Pioneer Credit Union" constitute an infringement of my client's mark and therefore we demand that you <u>immediately cease and desist</u> from using the names "First Pioneer" and "First Pioneer" in all forms including, without limitation, on your website.

Edwards *&* Angell LLP

February 27, 2004
Page 2

Please be advised that my client views this very seriously and if you persist in using the name
First Pioneer in any form in connection with your services they have authorized us to take any
and all action necessary or appropriate to protect their rights in the mark, including, without
limitation, legal action for damages and/or equitable relief. Please contact me by March 5, 2004
with your written confirmation, in a form satisfactory to my client, that you have eliminated of
the use of the mark "First Pioneer" and any marks confusingly similar thereto.

Very truly yours,

Jonathan M. Lourie

cc:     First Pioneer Farm Credit, ACA

BOS_431470_2/JLOURIE

# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

Jonathan M. Lourie

617.951.2250
*fax* 617.439.4170
jlourie@EdwardsAngell.com

November 15, 2004

**VIA FAX AND CERTIFIED MAIL**

Deborah Basile, Esq.
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place
Suite 1900
Springfield, Massachusetts 01144-1900

Re:   First Pioneer Farm Credit

Dear Deborah:

As you know, First Pioneer Farm Credit, ACA ("FPFC") is concerned that your client First Pioneer Credit Union ("FPCU") is infringing FPFC's trademark and causing consumer confusion as to the source and nature of the financial services it is providing.  At your request, FPFC has refrained from taking action to date in order to review and consider FPCU's proposal for a concurrent use agreement.

At this time, I write to inform you that FPFC must reject FPCU's request to jointly use the "First Pioneer" mark.  FPFC forwarded FPCU's proposed concurrent use agreement to the Farm Credit Administration (the "FCA").  The FCA recently informed FPFC that it believes joint use of FPFC's mark by FPCU would create consumer confusion, in violation of FCA policy.  A copy of the FCA's response is enclosed for your review.  FCFC agrees that there is no way to structure joint use of the mark by the parties in a way that would alleviate the consumer confusion that necessarily would result and, therefore, renews its demand that FPCU immediately cease all use of the mark "First Pioneer."

I also write to inform you that I am extremely concerned that your client has used the time during which it asked FPFC to forego action and consider the possibility of a joint use arrangement in order to intentionally and deliberately expand its infringing use of FPFC's mark.  Specifically, it is my understanding that your client has opened a new branch in Wal-Mart in Chicopee again using the mark "First Pioneer."  FPFC has acted in good faith by trying to resolve this dispute without the need for costly litigation and relied upon the expectation that during the time it was considering your client's settlement proposal, FPCU also would act in good faith.  Instead FPFC finds that your client has attempted to exploit a delay procured at its request in order to expand its infringing use of FPFC's mark.

# Edwards & Angell LLP

November 15, 2004
Page 2

Given the urgency of this situation and the irreparable harm threatened by FPCU's misconduct, I must request to hear from you within three business days to inform me of your client's proposal for changing its trade name and withdrawing all infringing uses of FPFC's trademark from its marketing and related materials. FPFC is very concerned about the confusion being created in the marketplace and, as pointed out by the FCA, about the risk to FPFC's reputation. Accordingly, if FPFC does not receive an adequate proposal from FPCU to remedy its infringement within two business days, FPFC will seek judicial intervention.

Please be advised that FPFC views this matter with great urgency and reserves all rights and remedies available to address FPCU's infringement of its trademark rights.

Very truly yours,

Jonathan M. Lourie

cc:     First Pioneer Farm Credit, ACA
        Steven M. Cowley, Esq.

BOS_460135_3/JLOURIE

NOV 08 2004

**Farm Credit Administration**

1501 Farm Credit Drive
McLean, Virginia 22102-5090
(703) 883-4000



November 4, 2004

Mr. Michael O'Connor
General Counsel
First Pioneer Farm Credit, ACA
174 South Road
Enfield, CT 06082-4414

Dear Mr. O'Connor:

You asked for the Office of General Counsel's preliminary view of the legality of a proposed "concurrent use agreement" that would authorize a credit union and First Pioneer Farm Credit, ACA (the ACA) to share the name "First Pioneer." The Farm Credit Administration (FCA) has long taken the position that Farm Credit System (FCS) institutions must avoid any name confusion with other financial institutions. For example, in 1988 FCA issued a bookletter to prevent FCS institutions' use of names that could result in confusion. More recently, in May of 2000, the FCA Board adopted Policy Statement FCA-PS-78 (Policy Statement 78) on Official Names of Farm Credit System Institutions.

FCA Policy Statement 78 provides that before the FCA Board will approve an official name for a Farm Credit System association, the name must meet two requirements. The name must include appropriate identification of the institution as a System institution and it must not be "misleading or inappropriate." The policy statement defines the term "misleading" as follows:

> *Misleading* names are those that a reasonable person might find confusing. For example, we would not issue a charter to an institution requesting a name that is the same as or similar to that of an existing institution because the public might find this confusing. ... Also, we would not approve a name for an institution that could cause the public to confuse that institution's authorities and services with those of a commercial bank, thrift institution, or credit union.

We believe that if the ACA were to agree to let a local credit union use the First Pioneer name, this would create precisely the kind of public confusion as to the ACA's authorities that Policy Statement 78 is designed to prevent. If the ACA were to enter into a concurrent use agreement despite the FCA Board's clear articulation of its policy, it is

possible that the ACA would be required to abandon the First Pioneer name to remedy the resulting confusion.

Because we believe that entering into such an agreement would violate FCA policy, we have not considered other potential issues raised by the proposed agreement. For example, the proposed agreement may create significant reputation risk for the ACA, raising safety and soundness issues. We hope that this letter is helpful in resolving this matter. Please contact me if you want to discuss the matter further.

Sincerely,

Charles R. Rawls

Charles R. Rawls
General Counsel

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) First Pioneer Farm Credit v. First Pioneer
    Credit Union

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
    local rule 40.1(a)(1)).

        04 - 12508GAO

    [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [X]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                            YES [ ]      NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See
    28 USC §2403)
                                                            YES [ ]      NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                            YES [ ]      NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                            YES [ ]      NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).
                                                            YES [ ]      NO [X]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]      Central Division [ ]      Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division [XX]     Central Division [ ]      Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)
                                                            YES [ ]      NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Steven M. Cowley

ADDRESS  Edwards & Angell, LLP, 101 Federal Street, Boston, MA  02110

TELEPHONE NO.  (617) 439-4444

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS  First Pioneer Farm Credit | DEFENDANTS  First Pioneer Credit Union |
|---|---|
| (b) County of Residence of First Listed Plaintiff  Hartford Co., CT  (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed  Hampden Co., MA  (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)  Steven M. Cowley  Edwards & Angell, LLP  101 Federal Street  Boston, MA  02110    (617) 951-2283 | Attorneys (If Known)  Deborah Basile  Doherty Wallace Pillsbury & Murphy, PC  One Monarch Place, Suite 1900  Springfield, MA  01144-1900    (413) 333-1111 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | PERSONAL INJURY | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury— Med. Malpractice | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | ☐ 365 Personal Injury— Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 370 Other Fraud | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 371 Truth in Lending | | | |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | | | |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | | | |
| ☐ 290 All Other Real Property | | | | |
| **CIVIL RIGHTS** | | | | |
| ☐ 441 Voting | | | | |
| ☐ 442 Employment | | | | |
| ☐ 443 Housing/ Accommodations | | | | |
| ☐ 444 Welfare | | | | |
| ☐ 440 Other Civil Rights | | | | |
| **PRISONER PETITIONS** | | | | |
| ☐ 510 Motions to Vacate Sentence | | | | |
| Habeas Corpus: | | | | |
| ☐ 530 General | | | | |
| ☐ 535 Death Penalty | | | | |
| ☐ 540 Mandamus & Other | | | | |
| ☐ 550 Civil Rights | | | | |
| ☐ 555 Prison Condition | | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff is claiming unfair competition in violation of 15 U.S.C. §1125(a).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____