UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| FIRST PIONEER FARM CREDIT,<br><br>　　　　Plaintiff,<br>v.<br><br>FIRST PIONEER CREDIT UNION,<br><br>　　　　Defendant. | CIVIL ACTION<br>NO. 04-12508 GAO |

**AMENDED VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff First Pioneer Farm Credit, ACA ("First Pioneer"), by and through its undersigned attorneys, alleges as follows:

**NATURE OF THIS ACTION**

1.　First Pioneer brings this action against First Pioneer Credit Union (the "Credit Union") under federal and state law for trademark infringement, dilution, and unfair trade practices. By this action, First Pioneer seeks injunctive relief prohibiting the Credit Union from further infringing, misleading, and unfair use of the Plaintiff's "First Pioneer" service mark.

**JURISDICTION AND VENUE**

2.　This action arises under the trademark laws of the Unites States, Title 15 of the United States Code (the "Lanham Act"), more particularly 15 U.S.C. §1125, and Massachusetts statutory and common law. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction of Plaintiff's state law claims under 28 U.S.C. §1367 (Supplemental Jurisdiction). Venue is proper in this district under 28 U.S.C. §1391.

## THE PARTIES

3.      Plaintiff, First Pioneer, is a federal instrumentality organized under the laws of the United States Farm Credit Act of 1971, with its principal place of business located at 174 South Road, Enfield, Connecticut and a branch office located at 67 Bedford Street, Middleboro, Massachusetts.

4.      First Pioneer provides a full range of financial services to its customers, including among other services, commercial and consumer loans, mortgage loans, property value appraisal, risk management, tax planning, tax preparation, business consulting, and plan succession. Among others, First Pioneer serves farmers, nursery and greenhouse operators, forest products businesses, fishermen, lobstermen, part-time farmers, agribusinesses, and residents of rural areas. First Pioneer has over 10,000 customers in Massachusetts, Connecticut, New York, New Jersey, Rhode Island, and New Hampshire.

5.      The Credit Union is a Massachusetts chartered credit union with its principal place of business located at 730 Worcester Street, Indian Orchard, Massachusetts. The Credit Union also operates in Springfield and Chicopee, Massachusetts, and it claims to have approximately 5,000 members. According to the Credit Union's web site, membership in the Credit Union is available to those who work or reside in Hampden, Hampshire, and Franklin Counties, as well as any family members of those who work or reside in those counties, even if those family members work or reside elsewhere. The Credit Union, formerly known as Monsanto Employees Credit Union, is a full service financial institution that provides loans, mortgages, and other financial services in competition with First Pioneer.

**FACTUAL BACKGROUND**

<u>**Plaintiff's Use Of The First Pioneer Service Mark**</u>

6. Plaintiff has been in the financial services business for over 75 years. On November 23, 1994, the Farm Credit Administration ("FCA") approved the formal charter amendment of Southern New England Farm Credit changing its name to First Pioneer Farm Credit. The effective date of the charter amendment was January 1, 1995.

7. Beginning in November 1994, the Plaintiff adopted and started using the service mark "First Pioneer" in interstate commerce to identify its services and distinguish its services from those provided by its competitors, by among other things, prominently displaying the "First Pioneer" mark in its advertising and promotional materials.

8. Since 1994 and continuing without interruption, First Pioneer has offered financial services under the "First Pioneer" service mark. First Pioneer continues to prominently use the "First Pioneer" mark on its advertising and promotional materials, including its website, to identify and distinguish its services from those provided by its competitors. In the ten years that Plaintiff has used the "First Pioneer" mark, the "First Pioneer" reputation and name recognition have continuously grown throughout the financial services industry. The "First Pioneer" mark has become well known throughout Massachusetts and the eastern United States as a provider of the Plaintiff's services.

9. Over the years, First Pioneer has spent a substantial amount of time and money in advertising and promotional efforts aimed at establishing the "First Pioneer" service mark in the minds of consumers as a provider of a full range of financial services. During the last five years alone, First Pioneer spent on average approximately $100,000 per year on advertisements and promotional materials to extend the recognition of its "First Pioneer" service mark. By virtue of

these efforts, First Pioneer has developed substantial value, recognition, and goodwill in the mark "First Pioneer" within the financial services industry throughout Massachusetts and the other eastern United States.

10. Over the years, the "First Pioneer" mark has come to be widely recognized by consumers and others in the financial services industry, including consumers and others in Massachusetts, as representing First Pioneer's business and services.

11. First Pioneer registered "First Pioneer" as a service mark in the State of Massachusetts, pursuant to Massachusetts General Laws, Chapter 110B, Section 2, on July 8, 2004.

12. First Pioneer registered "First Pioneer" as a service mark in the State of New York, pursuant to Article 24 of the General Business Law, on July 20, 2004.

13. First Pioneer registered "First Pioneer" as a service mark in the State of New Hampshire, pursuant to the Model State Trademark Act (RSA 350-A), on July 20, 2004.

14. First Pioneer registered "First Pioneer" as a service mark in the State of Rhode Island, pursuant to chapter 6-2-4 of the Rhode Island General Laws, on July 20, 2004.

15. First Pioneer registered "First Pioneer" as a service mark in the State of Connecticut, pursuant to Connecticut General Statutes section 35-11, on August 9, 2004.

### Defendant's Unauthorized and Unlawful Use of the "First Pioneer" Mark Beginning in November 2003

16. According to its website, the Credit Union began using the trade name and service mark "First Pioneer" in connection with its financial services in November 2003 -- approximately 10 years after First Pioneer began using the mark.

17. On information and belief, the Credit Union provides financial services that are similar to and in competition with those offered by First Pioneer. In recent months, the Credit

Union began a campaign to advertise and market its services under the name "First Pioneer," including the use of radio advertisements, without the Plaintiff First Pioneer's permission or consent. The Credit Union also began utilizing the URL "www.1stpioneercu.com," which is very similar to First Pioneer's "www.firstpioneer.com" website.

18. In February 2004, upon learning of the Credit Union's infringing use of the "First Pioneer," counsel for First Pioneer contacted James Nagy, President and CEO of the Credit Union, and notified Nagy and the institution that (1) First Pioneer was the owner of the mark "First Pioneer," which First Pioneer had used continuously and exclusively in the promotion and advertisement of its financial services; (2) First Pioneer had invested heavily in and built substantial value, goodwill, and reputation in the mark "First Pioneer;" and (3) the Credit Union's activities were infringing First Pioneer's intellectual property rights in its mark. (A true and accurate copy of First Pioneer's February 2004 letter is attached hereto as Exhibit A.)

19. Following First Pioneer's initial letter, at the Credit Union's request, the parties explored the possibility of a concurrent use agreement that might allow the Credit Union to continue using the "First Pioneer" mark, but they were unable to identify any such use that would avoid consumer confusion.

20. In particular, the FCA has said that it would find the names confusing and that concurrent use of the names would violate FCA policy.

21. On November 15, 2004, after unsuccessful discussions with the Credit Union to attempt to resolve its dispute regarding the Credit Union's infringing activity without the need for litigation, First Pioneer sent a letter to the Credit Union's counsel again notifying the Credit Union of its infringing use of the "First Pioneer" mark and requesting, within three business days, a proposal from the Credit Union to withdraw all infringing uses of First Pioneer's service

mark. (A true and accurate copy of First Pioneer's November 2004 letter is attached hereto as Exhibit B.)

22. On November 18, 2004, counsel for the Credit Union wrote to counsel for First Pioneer informing First Pioneer that the Credit Union will not cease its use of First Pioneer's mark.

23. Despite due demand that it refrain from using First Pioneer's service mark in commerce (*i.e.*, advertising and marketing of its financial services), the Credit Union has engaged in a campaign of false and misleading advertising designed to infringe upon First Pioneer's intellectual property rights, confuse the public about the origin of the Credit Union's services, injure the Plaintiff's goodwill, and dilute the quality of its distinctive "First Pioneer" mark.

24. The Credit Union's misuse of First Pioneer's mark has caused, and is likely to continue to cause, confusion among consumers seeking financial services.

25. In recent months, First Pioneer has received several inquiries a week from potential and existing customers who have made it clear that they have confused First Pioneer and the Credit Union. For example, First Pioneer has received calls from members of the community regarding activities the Credit Union was sponsoring that had nothing to do with First Pioneer. First Pioneer also has received calls from members of the community commenting on the institution's new building and new branch location, apparently believing the Credit Union's new building and branch location are associated with First Pioneer.

26. The Credit Union's unfair and deceptive conduct likely will result in a loss of customers for First Pioneer's services, lost profits to First Pioneer, damage to First Pioneer's business reputation, and the dilution of the distinctive quality of its mark.

27. By reason of the Credit Union's misuse of First Pioneer's mark, First Pioneer has suffered and will continue to suffer damage to its business, reputation, and goodwill, as well as the loss of customers. The Credit Union's infringement will continue, causing irreparable harm to First Pioneer, unless enjoined by this Court. Moreover, it would be difficult to ascertain the amount of compensation necessary to afford First Pioneer adequate relief for such continuing harm. First Pioneer's remedy at law is thus inadequate to compensate it for the injuries incurred and threatened as a result of the Credit Union's unlawful and wrongful conduct. Accordingly, First Pioneer is entitled to injunctive relief prohibiting further infringement.

### COUNT I
### Unfair Competition in Violation of
### § 43(a) of the Lanham Act – 15 U.S.C. § 1125(a)

28. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. The Credit Union's above described acts, including without limitation its misleading and deceptive representations to the public in its press releases and advertising materials, constitute false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Such unfair competition has enabled and will continue to enable the Credit Union to obtain business and earn profits to which it is not in equity or good conscience entitled.

30. The Credit Union has infringed First Pioneer's mark with the intent to deceive the public into believing that services provided by the Credit Union are approved by, sponsored by, or affiliated with, First Pioneer. The Credit Union's acts as alleged herein were committed with the intent to pass off the Credit Union's services as those of First Pioneer, with the intent to deceive and defraud the public.

BOS_470741_1/EANDERSON

31. As a direct and proximate result of the Credit Union's misuse of First Pioneer's mark, the Credit Union has caused First Pioneer irreparable harm and injury and will continue to do so unless the Credit Union is restrained and enjoined by this Court from further violations of First Pioneer's rights. Accordingly, First Pioneer is entitled to preliminary and permanent injunctive relief prohibiting further infringement pursuant to 15 U.S.C. § 1116.

### COUNT II
### Trademark Infringement in Violation of
### Chapter 110B, § 11 of Massachusetts General Laws

32. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. The Credit Union's unauthorized use of the state registered "First Pioneer" service mark in connection with the promotion, advertisement, and marketing of its financial services is likely to cause confusion as to the source of the financial services provided under the mark "First Pioneer."

34. As a result of the Credit Union's unauthorized use of First Pioneer's service mark, the Credit Union has caused irreparable harm and injury and will continue to do so unless the Credit Union is restrained and enjoined by this Court from further violations of First Pioneer's rights. Accordingly, First Pioneer is entitled to preliminary and permanent injunctive relief prohibiting further infringement, pursuant to Mass. Gen. L. ch. 110B, §§ 11 and 13.

### COUNT III
### Trademark Dilution in Violation of
### Chapter 110B, § 12 of Massachusetts General Laws

35. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

BOS_470741_1/EANDERSON

36. The Credit Union's unauthorized use of the state registered "First Pioneer" service mark in connection with the promotion, advertisement, and marketing of its financial services, has injured and will, unless restrained by this Court, continue to injure First Pioneer's business reputation and to dilute the distinctive quality of its mark in violation of Mass. Gen. L. ch. 110B, § 12.

37. As a result of the Credit Union's unauthorized use of First Pioneer's service mark, the Credit Union has caused First Pioneer irreparable harm and injury and will continue to do so unless the Credit Union is restrained and enjoined by this Court from further violations of First Pioneer's rights. Accordingly, First Pioneer is entitled to preliminary and permanent injunctive relief prohibiting further infringement, pursuant to Mass. Gen. L. ch. 110B, § 12.

## COUNT IV
### Unfair and Deceptive Trade Practices in Violation of Chapter 93A, § 2 of Massachusetts General Laws

38. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. The Credit Union has willfully and knowingly engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its financial services business in violation of chapter Mass. Gen. L. ch. 93A, §§ 2 and 11.

40. As a direct and proximate result of the Credit Union's above-described conduct, the Credit Union has caused First Pioneer irreparable harm and injury and will continue to do so unless the Credit Union is restrained and enjoined by this Court from further violations of First Pioneer's rights. Accordingly, First Pioneer is entitled to preliminary and permanent injunctive relief prohibiting further infringement, pursuant to Mass. Gen. L. ch. 93A, § 11.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, First Pioneer Farm Credit, ACA, respectfully requests that the Court:

1. Enter an order granting, *inter alia*, the following preliminary injunctive relief:

    (a) Enjoining the Credit Union from directly or indirectly using First Pioneer's "First Pioneer" mark or any other mark, word, or name similar to First Pioneer's mark in its signage, or in any press release, advertisement, or promotional material or in connection with the marketing, advertising, or promotion of its financial services;

    (b) Enjoining and restraining the Credit Union from continuing the acts of unfair competition and deceptive practices alleged above;

2. Enter an order granting judgment in First Pioneer's favor on all Counts asserted in this Complaint;

3. Enter an order granting the following permanent injunctive relief:

    (a) Enjoining and restraining the Credit Union from directly or indirectly using the words "First Pioneer," or any other mark, word, or name similar to First Pioneer's mark in its signage, or in any press release, advertisement, or promotional material or in connection with the marketing, advertising, or promotion of its financial services;

    (b) Enjoining and restraining the Credit Union from continuing the acts of unfair competition and deceptive practices alleged above;

4. Award First Pioneer its damages to be proven at trial;

5. Award First Pioneer its attorneys' fees pursuant to 15 U.S.C. § 1116, chapter 110B of the Massachusetts General Laws and/or chapter 93A of the Massachusetts General Laws; and

6. Grant such other and further relief as this Court deems just and equitable under the circumstances.

## JURY DEMAND

First Pioneer Farm Credit demands a jury trial on all issues so triable.

## VERIFICATION

I do hereby affirm, under the pain and penalties of perjury, that I have read the foregoing Verified Complaint and that, as to the factual obligations contained herein, they are true and accurate. As to those matters stated upon information and belief, I believe them to be true.

_____
William Lipinski

Respectfully Submitted,

FIRST PIONEER FARM CREDIT, ACA,

By its attorneys,

_____
Steven M. Cowley (BBO No. 554534)
Elizabeth A. Spinney (BBO No. 657848)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
Ph: 617-439-4444
Fx: 617-439-4170

Dated: December 13, 2004

## JURY DEMAND

First Pioneer Farm Credit demands a jury trial on all issues so triable.

## VERIFICATION

I do hereby affirm, under the pain and penalties of perjury, that I have read the foregoing Verified Complaint and that, as to the factual obligations contained herein, they are true and accurate. As to those matters stated upon information and belief, I believe them to be true.

William Lipinski

Respectfully Submitted,

FIRST PIONEER FARM CREDIT, ACA,

By its attorneys,

Steven M. Cowley (BBO No. 554534)
Elizabeth A. Spinney (BBO No. 657848)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
Ph: 617·439·4444
Fx: 617·439·4170

Dated: December 13, 2004

- 13 -

## CERTIFICATE OF SERVICE

I, Elizabeth A. Spinney, hereby certify that on this 13th day of December, 2004, I caused a copy of the foregoing to be served by fax and first-class mail upon the attorney of record for the defendant.

/s/ Elizabeth A. Spinney
Elizabeth A. Spinney