UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| FIRST PIONEER FARM CREDIT<br>Plaintiff | |
|---|---|
| v. | CIVIL ACTION NO. 04-12508 GAO |
| FIRST PIONEER CREDIT UNION<br>Defendant | |

# EMERGENCY MOTION OF THE DEFENDANT, FIRST PIONEER CREDIT UNION, TO EXTEND DISCOVERY AND OTHER DEADLINES AND FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS

The Defendant, First Pioneer Credit Union ("Credit Union") moves to have the discovery deadline extended for sixty days, and the other deadlines beyond the March 11, 2005 expert disclosure deadline extended in a corresponding manner, due to the dilatory conduct of the Plaintiff, First Pioneer Farm Credit ("Farm Credit") that has prejudiced Credit Union in conducting discovery and preparing a defense in this trademark infringement case. Farm Credit has provided evasive and incomplete responses to discovery, which is especially problematic considering the expedited discovery and trial schedule set in this case. Farm Credit's counsel has refused to produce witnesses in Boston for depositions noticed for March 14, 15, 16, and 17, 2005, demanding that the depositions all take place in Hartford beginning the week of March 21, 2005, which is the week discovery closes. In further support of this motion, Credit Union states as follows.

1.   Farm Credit commenced this action at the end of 2004, claiming that it has a valid service mark in the words "First Pioneer" and that Credit Union's use of its name has caused confusion among its customers and potential customers.

2.      An expedited trial schedule proposed by Farm Credit has been set. Discovery closes on March 25, 2005 (approximately two months after the parties exchanged initial disclosures pursuant to Rule 26(A) of the Federal Rules of Civil Procedure). The parties' briefs for and against a permanent injunction are due in April and a bench trial is scheduled for May 4, 2005.

3.      Credit Union agreed to the aggressive schedule that Farm Credit proposed based upon the implicit understanding that Farm Credit would fulfill its discovery obligations and adequately respond to Credit Union's discovery requests without it having to make numerous requests for the information or having to seek Court intervention to compel discovery.

4.      Shortly after the parties exchange their initial disclosures, Credit Union served interrogatories and requests for documents upon Farm Credit. Credit Union's discovery targeted information about the alleged incidents of confusion involving Farm Credit's consumers and potential consumers that were cryptically described in Farm Credit's initial disclosures. Farm Credit's discovery responses and documents were due on March 1, 2005. Farm Credit requested an extension, which Credit Union granted. The responses Credit Union ultimately received to its interrogatories and requests for documents were woefully inadequate. Farm Credit even failed to produce a single document in response to Credit Union's request for documents.

5.      Farm Credit's responses to Credit Union's interrogatories and request for documents are evasive and withhold critical, relevant information from Credit Union concerning, among other things, the basis of its claims. Farm Credit's answers to interrogatories fail to identify a single customer or potential customer it perceives to have been confused by Credit Union's use of its mark. Credit Union requested this information in discovery and by letter dated March 7, 2005 (see Exhibit A attached) and Farm Credit's counsel claims that he is in the

process of supplementing the responses. Farm Credit also refused to answer Credit Union's expert interrogatories.

6.   Farm Credit's initial disclosure identified thirteen witnesses, all employees of Farm Credit. For twelve of the thirteen witnesses, Farm Credit provided the identical boilerplate description about the witnesses' general area of knowledge concerning the alleged confusion: "The named individual is knowledgeable regarding instances of consumer confusion caused by First Pioneer Credit Union's use of the 'First Pioneer' mark." The boilerplate response lacks any meaningful information from which Credit Union can make a reasoned assessment and select some of the individuals identified (rather than all) for depositions. Because of the insufficiency of Farm Credit's initial disclosures in describing its witnesses' knowledge, Credit Union issued notices of depositions for nine of the thirteen witnesses Farm Credit identified. (Of course, Credit Union would prefer to take the depositions of the customers and potential customers who were allegedly confused but is unable to do so because Farm Credit failed to identify them.) Credit Union also issued a Rule 30(b)(6) notice of deposition Farm Credit. The depositions were noticed for the week beginning March 14, 2005. Credit Union sought an agreement from Farm Credit's counsel concerning the taking of depositions from the other four witnesses identified by Farm Credit. Farm Credit initially refused to agree to the scheduling of the remaining four depositions. Farm Credit's counsel continues to refuse to produce its witnesses in Boston even though Enfield, Connecticut where Farm Credit's employees work is within 100 miles of Boston, and he informed Credit Union's counsel that his witnesses would not be available for depositions until the week of March 21, 2005, which is the week discovery closes pursuant to the schedule set by this Court. Credit Union's counsel objected to Farm Credit's demand that the depositions occur in Hartford. (See Exhibit B attached).

7.   Discovery closes in slightly more than two weeks. Farm Credit made its first claim against Credit Union more than a year ago and should readily have the information that forms the basis of its claims available for disclosure in discovery. There is no excuse for Farm Credit's delay in not having the requested information readily available for Credit Union especially considering that it proposed such an aggressive trial schedule in this case.

8.   Given the discovery and trial schedule in this case, Credit Union does not have the luxury of staging the depositions, by first deposing Farm Credit's Rule 30(b)(6) witness in order to discover which witnesses are more critical than others, and then noticing and taking additional depositions of those witnesses. Given the schedule and Farm Credit's vague and evasive disclosures and discovery responses to date, it is not possible for Credit Union to adequately assess which witnesses are the most critical for depositions. As such, Credit Union should be granted leave to depose all of the employees identified by Farm Credit in Boston and the witnesses Farm Credit subsequently identities as customers and potential customers who it claims were confused by Credit Union's alleged conduct.

9.   Farm Credit's conduct has prejudiced Credit Union. It has disclosed thirteen of its employees, twelve of which claim to have knowledge of alleged consumer or potential consumer confusion. At this time, with slightly more than two weeks until the close of discovery, Farm Credit cannot identify the consumers and potential consumers who were allegedly confused. It will be of little surprise if Farm Credit finishes its search and is able to identify the alleged consumers and potential consumers (if they even exist) after the close of discovery and after Credit Union has taken its allotted number of depositions, thereby preventing Credit Union from cross-examining the witnesses during discovery.

10. In light of Farm Credit's dilatory and prejudicial conduct, the abbreviated and aggressive schedule proposed by Farm Credit is unworkable. Credit Union respectfully requests that the Court modify the existing scheduling order and issue an order (1) extending the discovery deadline by approximately 60 days so that it closes on May 31, 2005, (2) requiring Farm Credit to make its Rule 26 expert disclosure (if any) on March 11, 200, the original expert disclosure date since it has failed and refused to answer expert interrogatories; (3) requiring Credit Union to make its Rule 26 expert disclosure (if any) on April 8, 2005; (4) requiring Farm Credit to file its motion for permanent injunction on June 7, 2005; (5) requiring Credit Union's opposition to be filed on June 28, 2005; (6) allowing Farm Credit to file a reply brief if any on July 12, 2005; (7) allowing Credit Union to file a surreply brief if any on July 26, 2005; (8) scheduling the Final Pre-Trial Conference and Trial in August 2005.

WHEREFORE Credit Union respectfully requests that this Court:

A. Grant its motion and extend the deadlines as outlined in Paragraph 10;

B. Allow it leave to take the depositions of the additional four employee-witnesses identified in Farm Credit's disclosures in Boston and the depositions of any customers and potential customers whom Farm Credit identifies as those being confused by Credit Union's conduct;

C. Order Farm Credit to produce its employees in Boston for depositions;

D. If Farm Credit is unable to identify the customers and potential customers within seven days of the date of this Order, issue an Order precluding Farm Credit from later identifying those witnesses and calling them to testify and from introducing any such evidence of alleged confusion through any other witness, including its employees; and

E. Grant such other relief as this Court deems just and equitable.

## REQUEST FOR ORAL ARGUMENT

First Pioneer respectfully requests an expedited hearing on this Motion given the current trial schedule in this case.

Respectfully submitted,

FIRST PIONEER CREDIT UNION

By its Attorneys,

Kevin C. Cain, BBO # 550055
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
Telephone: (617) 951-2100

Dated: March 9, 2005.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for the Defendant conferred with counsel for the Plaintiff in good faith in an attempt to resolve or narrow the issues raised in this motion on March 7, 2005 and March 8, 2005 by telephone and/or in written correspondence, and was unable completely resolve or narrow the issues.

Kevin C. Cain

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document was served upon all counsel of record by facsimile and first class mail this ___ day of March 2005.

Steven M. Cowley, Esq.  
EDWARDS & ANGELL, LLP  
101 Federal Street  
Boston, MA 02110

Deborah A. Basile  
Doherty, Wallace, Pillsbury and Murphy, P.C.  
One Monarch Place, Suite 1900  
Springfield, MA 01144-1900

Kevin C. Cain

PABOS2:KCAIN:608185_1  
193-91044

7

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100  FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
KCain@peabodyarnold.com

March 7, 2005

**BY FACSIMILE**

Steven M. Cowley, Esq.
Edwards & Angell, LLP
101 Federal Street
Boston, Massachusetts 02110

Re:   First Pioneer Farm Credit, ACA v. first Pioneer Credit Union
      C.A. No.: 04-12508 GAO

Dear Steven:

I have reviewed Farm Credit's Answer to Defendant's First Set of Interrogatories and I have reviewed Farm Credit's Document Response; both of which were received at 5:15 p.m. on Thursday, March, 3, 2005.

I am writing this letter in an effort to avoid unnecessary motion practice. Please consider this letter as an invitation pursuant to Local Rule 7.1(A)(2) to confer and my attempt in good faith to resolve or narrow the issues. Below I set forth my position vis-à-vis the answers which I consider to be evasive, unresponsive, or otherwise insufficient.

Your client's answers to interrogatories numbered 1 and 2 are incomplete and evasive. You have refused to provide me with the residential address of each witness. The practical effect of this omission is that I do not know the branch location where each witness works and if I elect to subpoena any of the witnesses to the hearing I will not know where to direct the constable. Insofar as I am entitled to this information, please provide me with the residential addresses as soon as possible.

You client's answers to interrogatories numbered 7, 8, and 9 are totally unacceptable. This matter is scheduled for a final hearing on May 4, 2005, less than 60 days from today. We agreed with your suggested expedited schedule under the assumption that you would, in good faith, provide full and complete responses to written interrogatories and provide all supporting documentation in a timely manner. If you are relying solely upon your Rule 26(a)(1) initial disclosures then we expect an unequivocal response, not some boilerplate promise to supplement if the need arises. In light of the looming hearing date, seasonable supplementation would require immediate identification of documents and immediate production in accordance with the corresponding document requests. Quite simply, if your client is relying upon anything in

**PEABODY & ARNOLD** LLP
Steven M. Cowley, Esq.
March 7, 2005
Page 2

addition to your initial disclosures we are entitled to discover the identity of the documents you intend to use to prove your case and any documents relevant to your client's case.

Your client's answer to interrogatory number 13 is evasive. No privacy right prevents disclosure of customers' names where the only issue is consumer confusion. Given the limited time available to conduct discovery this omission greatly prejudices my client's ability to complete necessary discovery in advance of the hearing. However, if your client cannot identify the "potential and existing customers" and "members of the community" it should state this unequivocally in its answer.

You client's answer to interrogatory number 15 is completely evasive. The mutual disclosure obligation you allude to deals with the expert affidavit requirement and does not in any way trump my client's right to ask an expert interrogatory. If you do not intend to call an expert your client should answer accordingly.

With respect to your client's responses to my client's document requests, I simply ask that you produce forthwith all responsive documents or, in the alternative, confirm that you will not be relying upon any documents other than those documents produced in conjunction with your Rule 26(a)(1) initial disclosure.

Thank you for your anticipated cooperation and attention to this request. To the extent you agree to supplement as requested I would ask that supplemental responses and document production be completed by this Friday, March 11, 2005. If you do not intend to comply with my requests please contact me immediately at my above direct dial number so that I may comply with my obligations prior to filing a motion to compel.

Very truly yours,

Kevin C. Cain

KCC/kcc

Encl.

**PEABODY & ARNOLD** LLP
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100   FAX [617] 951.2125

BOSTON, MA   PROVIDENCE, RI

KEVIN C. CAIN
[617] 951.2045
KCain@peabodyarnold.com

March 8, 2005

*By Facsimile*

Steven M. Cowley, Esquire
Edwards & Angell, LLP
101 Federal Street
Boston, Massachusetts 02110

> Re:   *First Pioneer Farm Credit, ACA v. first Pioneer Credit Union*
>        *C.A. No.: 04-12508 GAO*

Dear Steven:

I had an opportunity to review the local and federal rules since our conversation yesterday during which you represented that, pursuant to the rules, I was not entitled to take the depositions of your client's employees who work in Enfield, Connecticut, in Boston. Boston is the venue of choice for your client considering that it choose to file suit here rather in Springfield. When agreeing with your demand that the depositions take place in your firm's Hartford, Connecticut office, I assumed that Enfield was more than 100 miles from Boston. I now know that Enfield and Boston are within 100 miles of one another. I therefore will not agree to take the depositions in Hartford and will require that the depositions go forward in Boston as Rule 45 of the Federal Rules of Civil Procedure permits. I remain willing to work with you to attempt to reach compromises on our discovery disputes, and you should feel free to contact me if you would like to discuss these and any other matters, such as the number of depositions each party is permitted to take, further.

Very truly yours,

Kevin C. Cain