UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 14  P 3: 18

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| FIRST PIONEER FARM CREDIT<br>Plaintiff<br><br>v.<br><br>FIRST PIONEER CREDIT UNION<br>Defendants | CIVIL ACTION NO.  04-12508 GAO |

## ANSWER

Now comes the defendant, First Pioneer Credit Union, and hereby responds to the plaintiff's Complaint as follows:

### Nature of This Action

1.      This paragraph is introductory in nature and contains assertions and conclusions of law as to which no response is required.  To the extend a response is required, Defendant denies the allegations of paragraph 1 of Plaintiff's Complaint in their entirety.

### Jurisdiction and Venue

2.      Defendant denies that the Complaint states a cause of action under the Lanham Act and Massachusetts statutory and common law.  Furthermore, this paragraph contains a conclusion of law as to which no response is required; nevertheless, Defendant denies that venue is proper in this district.

### The Parties

3.      Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits in part and denies in part the allegations contained in Paragraph 5 of Plaintiff's Complaint.  Defendant admits that it is a chartered credit union with a place of business located at 730 Worcester Street, Indian Orchard, Massachusetts. Defendant admits that it operates in Springfield and Chicopee, Massachusetts. Defendant admits that it has approximately 5,000 members. Defendant admits that membership in the Credit Union is

available to those who work or reside in Hampdem, Hampshire, and Franklin counties, as well as an family members of those who work or reside in lthose counties, evne if those family member work or reside elsewhere. The defendant specifically denies that it is a full service financial institution that is in competition with the plaintiff, First Pioneer Farm Credit, ACA.

### Factual Background

### Plaintiff's Use of the First Pioneer Service Mark

6.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

### Defendant's Use of the "First Pioneer" Mark Beginning in November 2003

16.     Defendant admits with clarification the allegation in paragraph 16 of Plaintiff's Complaint that it began using the trade name and service mark "First Pioneer" in connection with its financial services in November 2003. Rather than merely using the phrase "First Pioneer" in promoting its services, Defendant has used the phrase in combination with the phrase "Credit Union". Additionally, the mark has been used in association with a design element. Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of

the allegation that Defendant began use of the mark approximately 10 years after Plaintiff began using the mark.

17.    Defendant denies that Defendant's financial services are similar to and in competition with those offered by Plaintiff. Plaintiff's mark is used to promote farm credit services, which are part of the national Farm Credit System. Pursuant to the Farm Credit System, Plaintiff cannot act as a depository. Additionally, Plaintiff's clients are limited to serving individuals involved in the agriculture business. Alternatively, Defendant's mark is used in association with credit union services, wherein such services require a depository. Additionally, Defendant's clients comprise only those individuals living or working in the Hampden, Hampshire, and Franklin counties of Western Massachusetts and their family members.

Defendant admits with clarification that in recent months it has advertised and marketed its services under the name "First Pioneer Credit Union" without having first obtained Plaintiff's consent. However, Defendant was under no obligation to seek Plaintiff's permission or consent to such advertisements, as Defendant's use of its mark does not infringe, tarnish, or dilute, or otherwise violate Plaintiff's mark.

Defendant admits that it has utilized the URL www.1stpioneercu.com for its website; however, Defendant denies that such URL is very similar to Plaintff's www.firstpioneer.com website.

18.    Defendant admits in part and denies in part the allegations in paragraph 18 of Plaintiff's Complaint. Defendant admits that it received Plaintiff's February 2004 letter, and that the letter contained the information stated in this paragraph. However, Defendant denies that its use of its mark infringes Plaintiff's mark.

19.    Defendant admits in part and denies in part the allegations in paragraph 19 of Plaintiff's Complaint. Defendant admits all of paragraph 19 with the exception of the statement that "the parties were unable to identify any [concurrent] use that would avoid consumer confusion."

20.    Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 20 except to the extent of the contents of the letter provided by the plaintiff purporting to state the position of the FCA.

21.    Defendant admits in part and denies in part the allegations in paragraph 21 of Plaintiff's Complaint. Specifically, Defendant admits all parts, but denies the allegation that Defendant engaged in "infringing activity."

22.    Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint. In a letter dated November 16, 2004, Defendant's counsel wrote to Plaintiff's counsel refuting Plaintiff's counsel's allegation that Defendant had been acting in bad faith. The letter did not state one way or the other as to whether or not Defendant was to stop use of the mark. Furthermore, Defendant denies that it is using Plaintiff's mark.

3

23.     Paragraph 23 of Plaintiff's Complaint contains conclusions of law as to which no response is required. To the extend a response is required, Defendant denies the allegations of paragraph 23 of Plaintiff's Complaint in their entirety.

24.     Paragraph 24 of Plaintiff's Complaint contains conclusions of law as to which no response is required. To the extend a response is required, Defendant denies the allegations of paragraph 24 of Plaintiff's Complaint in their entirety.

25.     Defendant is without information, knowledge or facts sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Paragraph 26 of Plaintiff's Complaint contains conclusions of law as to which no response is required. To the extend a response is required, Defendant denies the allegations of paragraph 26 of Plaintiff's Complaint in their entirety.

27.     Paragraph 27 of Plaintiff's Complaint contains conclusions of law as to which no response is required. To the extend a response is required, Defendant denies the allegations of paragraph 27 of Plaintiff's Complaint in their entirety.

### Count I:  Unfair Competition in Violation of 15 U.S.C. § 1125(a)

28.     Defendant incorporates by reference its responses to paragraphs 1-27 as if set forth herein.

29.     Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

### Count II:  Trademark Infringement in Violation of M.G.L. Chapter 110B, § 11

32.     Defendant incorporates by reference its responses to paragraphs 1-31 as if set forth herein.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

4

### Count III:  Trademark Dilution in Violation of M.G.L. Chapter 110B, § 12

35.    Defendant incorporates by reference its responses to paragraphs 1-34 as if set forth herein.

36.    Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.    Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

### Count IV:  Unfair and Deceptive Trade Practices in Violation of M.G.L. Chapter 93A, § 2

38.    Defendant incorporates by reference its responses to paragraphs 1-37 as if set forth herein.

39.    Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.    Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

WHEREFORE, the defendant says that the plaintiff's Complaint against it should be

dismissed and that judgment should enter for the defendant, together with its costs.


### DEFENSES AND AFFIRMATIVE DEFENSES

41.    Venue in the Eastern Division of Massachusetts is improper.

42.    At no time has or does Defendant's conduct in promoting or advertising its services constitute false advertising and unfair competition in violation of 15 U.S.C. § 1125(a).

43.    Defendant's mark is not confusingly similar to Plaintiff's mark.

44.    Defendant's use of its mark has not caused dilution of Plaintiff's mark.

45.    At no time has Defendant willfully and knowingly engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its financial services business in violation of M.G.L. c. 93A, §§ 2, 11.

46.    Consumers of Plaintiff's services are reasonably sophisticated such that they would appreciate the different services provided under the two marks, and therefore, not be confused as to the source, sponsorship, or endorsement of the services provided under Plaintiff's and Defendant's marks.

47.    The services offered by Defendant are sufficiently dissimilar from the services offered by Plaintiff such that no confusion is likely to result from the concurrent use of the marks.

48.    When printing or publishing the mark, Defendant utilizes the word mark "First Pioneer Credit Union" in conjunction with a design element. When viewed in its entirety, the mark, which comprises the words and design, is not confusingly similar to Plaintiff's mark.

49.    The term "Pioneer" in Defendant's mark refers to the geographical area in which Defendant provides its services. That is the term refers to a region in Western Massachusetts, including Franklin, Hampshire, and Hampden counties. As the term "Pioneer" in Defendant's mark refers to the geographical scope of the mark's use, the term is merely descriptive.

50.    Plaintiff's trademark, unfair competition, and dilution claims are barred by the doctrines of laches, waiver, and estoppel.

51.    Defendant reserves the right to raise additional affirmative defenses based upon further discovery and investigation.

DEFENDANT

FIRST PIONEER CREDIT UNION

By its Attorneys,

Kevin C. Cain, BBO # 550055
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
Telephone: (617) 951-2100

Dated: January / 2  , 2005.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document was served upon all counsel of record by first class mail this _12_ ^th^ day of January 2005.

Steven M. Cowley, Esq.
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110

Kevin C. Cain

604083_1