UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| FIRST PIONEER FARM CREDIT, ACA,<br><br>  Plaintiff,<br>v.<br><br>FIRST PIONEER CREDIT UNION,<br><br>  Defendant. | CIVIL ACTION<br>NO. 04-12508 GAO |

**PLAINTIFF FIRST PIONEER FARM CREDIT, ACA'S
EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS
BY FIRST PIONEER CREDIT UNION**

Pursuant to Fed. R. Civ. P. 37 and Local Rules 7.1(A)(2), 7.1(D), 26.2(C) and 37.1(A) of the United States District Court for the District of Massachusetts, plaintiff First Pioneer Credit Union, ACA ("First Pioneer") moves for an order directing defendant First Pioneer Credit Union (the "Credit Union") to provide documents in response to discovery requests propounded by First Pioneer. Specifically, First Pioneer seeks documents responsive to Document Request No. 14 of Plaintiff's First Request for Production of Documents, requesting: "Documents sufficient to identify the names, addresses, and classifications (according to all classification systems used by the Credit Union) of all individual, commercial, or noncommercial business customers or potential customers of the Credit Union from November 1994 to the present." (Pl.'s First Req. for Produc. of Docs. to Def. at 5, attached to Mem. in Supp. of Pl. First Pioneer Farm Credit, ACA's Emergency Mot. to Compel Produc. of Docs. by First Pioneer Credit Union as Ex. A.)

The Credit Union has refused to produce documents in response to Request No. 14, arguing the customer information sought is confidential[1] and is neither relevant nor likely to lead to the discovery of admissible evidence. The Credit Union's objection to the production of these documents is unjustified because: (i) the documents requested are relevant to demonstrate the significant overlap of channels of trade, advertising targets, and classes of prospective customers—three of the factors considered in a likelihood of confusion analysis in a trademark infringement claim; and (ii) the Credit Union has also put its customer information directly in issue by indicating an intention to defend First Pioneer's claims, in part, on the ground that First Pioneer cannot prove that it lost sales to any particular customers to the Credit Union.

Accordingly, First Pioneer requests that this Court grant its motion to compel discovery responses by the Credit Union and enter an order directing the Credit Union to immediately produce all documents responsive to Document Request No. 14.

In support of its motion, First Pioneer submits its memorandum of law.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), First Pioneer requests an opportunity for oral argument.

### CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 37(a)(2)(A) AND THE RELEVANT LOCAL RULES

First Pioneer has complied with the provisions of Fed.R.Civ.P. 37(a)(2)(A) and Local Rules 7.1(A)(2), 26.2(C) and 37.1(A). Specifically, counsel for First Pioneer has spoken with counsel for the Credit Union on three separate occasions between March 29, 2005 and March 31,

---

[1] First Pioneer would be willing to provide a confidentiality agreement regarding the disclosure of the Credit Union's customer information, if necessary.

2005 in an attempt to resolve this issue. Despite a good faith effort, the parties were unable to resolve their dispute with respect to First Pioneer's Document Request No. 14.

Dated: April 6, 2005

FIRST PIONEER FARM CREDIT, ACA,

By its attorneys,

*Elizabeth A. Spinney*
Steven M. Cowley (BBO No. 554534)
Elizabeth A. Spinney (BBO No. 657848)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
Telephone: 617·439·4444
Facsimile: 617·439·4170

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document was served upon counsel of record by fax this 6th day of April 2005.

*Elizabeth A. Spinney*
Elizabeth A. Spinney