UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| FIRST PIONEER FARM CREDIT, ACA,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST PIONEER CREDIT UNION,<br><br>    Defendant. | CIVIL ACTION<br>NO. 04-12508 GAO |

**MEMORANDUM IN SUPPORT OF PLAINTIFF
FIRST PIONEER FARM CREDIT, ACA'S EMERGENCY MOTION TO COMPEL
PRODUCTION OF DOCUMENTS BY FIRST PIONEER CREDIT UNION**

Pursuant to Rules 33, 34 and 37 of the Federal Rules of Civil Procedure, plaintiff First

Pioneer Credit Union, ACA ("First Pioneer"), hereby submits this Memorandum in Support of

Plaintiff's Motion to Compel Production of Documents by First Pioneer Credit Union (the

"Credit Union").

### INTRODUCTION

In an attempt to conduct the necessary discovery in the time set in the current scheduling

order, First Pioneer has requested that the Credit Union comply with the Plaintiff's First Request

for Production of Documents by providing documents that are responsive to the Plaintiff's

Request No. 14, requesting: "Documents sufficient to identify the names, addresses, and

classifications (according to all classification systems used by the Credit Union) of all individual,

commercial, or noncommercial business customers or potential customers of the Credit Union

from November 1994 to the present." (Pl.'s First Req. for Produc. of Docs. to Def. at 5, attached

hereto as Ex. A.)  The Credit Union has refused to produce documents in response to Request

No. 14, arguing the customer information sought is confidential and is neither relevant nor likely to lead to the discovery of admissible evidence.

The Credit Union's objection to the production of the documents requested is inappropriate. Contrary to the Credit Union's argument, the information requested is highly relevant to First Pioneer's claim of trademark infringement. Specifically, the Credit Union's customer information is relevant to demonstrate the significant overlap of channels of trade, advertising targets, and classes of prospective customers—three of the factors considered in a likelihood of confusion analysis in a trademark infringement claim. Furthermore, the Credit Union has placed its own customer records in issue by indicating its intention to defend First Pioneer's claims, in part, on the ground that First Pioneer cannot prove it has lost sales to any particular customers to the Credit Union. Accordingly, First Pioneer requests that this Court compel the Credit Union to produce documents in response to First Pioneer's Document Request No. 14.

## I. BACKGROUND

On November 29, 2004, First Pioneer filed its Verified Complaint claiming unfair competition in violation of § 43(a) of the Lanham Act, trademark infringement in violation of chapter 110B, § 11 of Massachusetts General Laws, trademark dilution in violation of chapter 110B, § 12 of Massachusetts General Laws, and unfair and deceptive trade practices in violation of chapter 93A, § 2 of Massachusetts General Laws. The Complaint sought preliminary and permanent injunctive relief, as well as attorneys fees and damages to be proven at trial.

BOS_483463_1/EANDERSON

On December 23, 2004, the parties filed a Joint Motion to Convert the Plaintiff's Motion for Preliminary Injunction to a Motion for a Permanent Injunction and to Convene a Rule 16 Conference to Set an Expedited Discovery Schedule and Final Hearing Date.

On January 3, 2005, the parties further requested that the Court withdraw the Plaintiff's Motion for a Preliminary Injunction in order to proceed with an expedited hearing on a permanent injunction, based on the grounds that an expedited final resolution of the equitable claims was in the interest of both parties.

On January 5, 2005, the parties held an initial scheduling conference and entered a discovery plan as proposed and agreed to by the parties. At the initial scheduling conference, the parties agreed to close all fact and expert discovery by March 25, 2005.

On Feburary 8, 2005, First Pioneer served upon the Credit Union the Plaintiff's First Request for Production of Documents. The Credit Union responded to First Pioneer's request on March 10, 2005.

On March 25, 2005, the parties filed a Joint Motion to Amend the Scheduling Order, which extended the close of discovery to April 15, 2005.

## II.  ARGUMENT

**A.**  <u>**This Court Should Compel the Credit Union to Produce Documents in Response to First Pioneer's Document Request No. 14**</u>

First Pioneer's Request for Production of Documents, No. 14, asks for: "Documents sufficient to identify the names, addresses, and classifications (according to all classification systems used by the Credit Union) of all individual, commercial, or noncommercial business customers or potential customers of the Credit Union from November 1994 to the present." (Ex. A at 5.)

BOS_483463_1/EANDERSON

The Credit Union has refused to comply with this request, claiming that the request sought confidential customer information that it claimed was neither relevant nor likely to lead to the discovery of admissible evidence. The Credit Union also makes a boilerplate argument that the request was overbroad and unduly burdensome. The Credit Union's objections to the production of these documents are unjustified.

Contrary to the Credit Union's claim, the customer information requested is substantially relevant to the matter at hand. First, the Credit Union's customer information is necessary to demonstrate the significant overlap in customers and potential customers that exists between First Pioneer and the Credit Union. In a trademark infringement action, the overlap of two entities' channels of trade, advertising targets, and classes of prospective customers are considered important factors in determining the likelihood of confusion. <u>Aura Communications, Inc. v. Aura Networks, Inc.</u>, 148 F.Supp.2d 91, 92 (D.Mass. 2001); <u>Hasbro, Inc. v. Clue Computing, Inc.</u>, 66 F. Supp.2d 117, 123 (D.Mass. 1999).

In this case, First Pioneer and the Credit Union, as competing financial services entities, market and sell a variety of financial services in overlapping regions in Massachusetts. First Pioneer provides commercial and consumer loans, mortgages and education loans to full-time and part-time farmers, nursery and greenhouse operators, forest products businesses, fishermen, lobstermen, agribusinesses, and even rural home owners throughout Massachusetts. According to the Credit Union's web site, membership in the Credit Union is available to anyone who works or resides in Hampden, Hampshire, and Franklin Counties, as well as any family members of those who work or reside in those counties, even if those family members work or reside elsewhere.

BOS_483463_1/EANDERSON

The Credit Union argues that First Pioneer's services and its own target separate, non-competing niches.  To overcome that argument, First Pioneer seeks to prove that the residents of Franklin, Hampden, and Hampshire counties significantly overlap with owners and employees of agricultural enterprises and rural homeowners.  That overlap will be revealed, in part, by reviewing the Credit Union's customer list and classification information such as addresses and places of employment of its borrowers and other members.

The overlap between the Credit Union's customers and actual or potential customers of First Pioneer, which First Pioneer expects will be revealed in documents responsive to its Request No. 14, causes customers and potential customers of First Pioneer to come into frequent contact with the Credit Union and its advertising.  This, in turn, causes significant confusion and dilution of the "First Pioneer" mark.  For example, existing customers of the Credit Union who are either dissatisfied with the Credit Union's services or seek a service the Credit Union is not equipped to provide (*e.g.*, operating loans for their agricultural related businesses), will associate the Credit Union's limited financial services capabilities with those of First Pioneer and ignore First Pioneer's marketing and advertising efforts to persuade those potential customers that it is a full service financial institution.  In short, the overlap First Pioneer attempts to document in its Request No. 14 will help establish significant likelihood of harm from confusion and dilution of the "First Pioneer" mark.

Moreover, during depositions of First Pioneer employees, counsel for the Credit Union confirmed that it intends to argue that First Pioneer did not lose customers to the Credit Union as a result of confusion caused by the Credit Union's use of the "First Pioneer" mark.  Counsel for the Credit Union also reaffirmed the Credit Union's intention during a phone conversation on

- 5 -

March 31, 2005. The documents responsive to Request No. 14 are the only documents First

Pioneer is aware of from which it can rebut the Credit Union's intended argument.

**B.      This Court Should Award First Pioneer Reasonable Costs and Attorneys'
         Fees Incurred in Bringing This Motion**

Federal Rule of Civil Procedure 37(a)(4)(A) provides the following guidelines for

determining the appropriate sanctions for failure to comply with a discovery request:

> The court shall . . . require the party or deponent whose conduct necessitated the
> motion or the party or attorney advising such conduct or both of them to pay to
> the moving party the reasonable expenses incurred in making the motion,
> including attorneys' fees, unless the court finds that . . . the opposing party's
> nondisclosure, response, or objection was substantially justified.

While courts in the past may have been hesitant to award expenses as a discovery sanction, the

trend is toward using this sanction as a deterrent to the non-complying party. See Gates v.

United States, 752 F.2d 516, 517 (10th Cir. 1985) ("In the past, Rule 37 may have been

considered a paper tiger, but the time has now come to put teeth in the tiger"). Indeed, the

language of this Rule, providing that "[t]he court *shall"* award expenses and fees is mandatory

and requires such an award unless the Court finds that (1) the opposition to the motion to compel

was substantially justified; or (2) other circumstances make an award of expenses unjust.

American Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173, 176 (D.Mass. 1985).


**CONCLUSION**

For the foregoing reasons, First Pioneer respectfully requests that this Court compel the

Credit Union to produce documents in response to First Pioneer's Document Request No. 14.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), First Pioneer requests an opportunity for oral argument.

Dated:  April 6, 2005                       FIRST PIONEER FARM CREDIT, ACA,

                                            By its attorneys,

                                            *Elizabeth A. Spinney*
                                            Steven M. Cowley (BBO No. 554534)
                                            Elizabeth A. Spinney (BBO No. 657848)
                                            EDWARDS & ANGELL, LLP
                                            101 Federal Street
                                            Boston, Massachusetts 02110
                                            Telephone:  617·439·4444
                                            Facsimile:  617·439·4170

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document was served upon counsel of record by fax this 6th day of April 2005.

                                            *Elizabeth A. Spinney*
                                            Elizabeth A. Spinney

BOS_483463_1/EANDERSON

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST PIONEER FARM CREDIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 04-12508 GAO |
| | ) | |
| FIRST PIONEER CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT

Pursuant to Fed. R. Civ. P. 34, Plaintiff First Pioneer Farm Credit ("First Pioneer")

requests that Defendant First Pioneer Credit Union (the "Credit Union") produce the following

documents for inspection and copying within thirty (30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.    Plaintiff adopts and incorporates by reference the Uniform Definitions in

Discovery Requests set forth in Local Rule 26.5(C) of this Court.

2.    The terms "and" and "or" mean "and/or."

3.    Any word written in the singular shall be construed as plural or vice versa, and

any masculine word shall be construed as feminine or vice versa, where necessary to facilitate

the response to a request.

4.    The term "you" means First Pioneer Credit Union, as defined by Local

Rule 26.5(C).

5.    The "Complaint" refers to Plaintiff's Amended Verified Complaint and Jury Demand.

6.    The "Credit Union" refers to First Pioneer Credit Union, as defined by Local Rule 26.5(C).

7.    "First Pioneer" refers to First Pioneer Farm Credit, as defined by Local Rule 26.5(C).

8.    If any document or thing called for by this request is withheld, state the basis for withholding the document or thing, and, if any document or thing is withheld on the grounds of privilege:

    a.    State the date of its creation or transmittal;

    b.    Identify its author(s);

    c.    Identify the person(s) to whom it was addressed;

    d.    Identify the person(s) to whom it was sent or transmitted;

    e.    Identify the person(s) to whom it was disclosed, in whole or in part;

    f.    State the name of the file or subfile in which it is presently maintained; and

    g.    Provide such further information regarding the document to explain the claim of privilege and permit the adjudication of the property of that claim.

9.    If any document the production of which is sought by this request has been destroyed, please state, as to each such document, its date, author(s), recipient(s) and the circumstance of its destruction.

BOS_474892_2/EANDERSON

## REQUESTS

### Request No. 1

All documents supporting or concerning any defense, affirmative defense, or counterclaim you have made or plan to assert in this case.

### Request No. 2

All documents identified or relied on in responding to the Complaint and First Pioneer's Interrogatories, and all documents identified in response to mandatory disclosure requirements.

### Request No. 3

All documents constituting or concerning communications with anyone about this lawsuit, the Complaint, or any assertion that the Credit Union infringes the "First Pioneer" mark.

### Request No. 4

All documents constituting or concerning any trademark search or other investigation of uses of potential names performed by the Credit Union, or a party acting on behalf of the Credit Union, in connection with the consideration to change or potentially change the name of the Monsanto Employees Credit Union.

### Request No. 5

If your answer to Interrogatory No. 11 of Plaintiff's First Set of Interrogatories is anything other than an unqualified "no," all documents identifying or referring to any attorney consulted concerning use of "First Pioneer" or any other potential name considered, all advice obtained from each such attorney, all information provided in connection with obtaining or responding to that advice, and all communications concerning or relating to that advice.

### Request No. 6

If your answer to Interrogatory No. 11 is anything other than an unqualified "no," all documents identifying or referring to all persons or entities, other than counsel identified in

BOS_474892_2/EANDERSON

response to Interrogatory No. 5, consulted concerning use of "First Pioneer" or any other name considered, all advice obtained, all information provided in connection with obtaining or responding to that advice, and all communications concerning or relating to that advice.

**Request No. 7**

All documents concerning or relating to the change or potential change of the name of the Monsanto Employees Credit Union, use of the words "First Pioneer" in any name or potential name or the decision to adopt the name "First Pioneer Credit Union" and to continue using that name after First Pioneer requested that the Credit Union cease doing so.

**Request No. 8**

All documents concerning  or relating to any other person's or entity's use of the "First Pioneer" mark or the words "First Pioneer" in connection with a longer name.

**Request No. 9**

All documents concerning or relating to First Pioneer Farm Credit, or its products, goods, services or locations, even if not by name.

**Request No. 10**

All documents concerning or relating to the Credit Union's, selection, adoption or development of the website url "www.1stpioneercu.com."

**Request No. 11**

All documents concerning any website url, other than "www.1stpioneercu.com," considered, discussed, requested or obtained by the Credit Union.

**Request No. 12**

All documents identifying or discussing the products, goods, and services offered or provided by the Credit Union from November 1994 to the present.

                                    BOS_474892_2/EANDERSON

**Request No. 13**

All documents identifying the Credit Union's advertising and other marketing efforts from November 1994 to the present.

**Request No. 14**

Documents sufficient to identify the names, addresses, and classifications (according to all classification systems used by the Credit Union) of all individual, commercial, or noncommercial business customers or potential customers of the Credit Union from November 1994 to the present.

**Request No. 15**

Documents sufficient to identify the products, goods or services offered or provided by the Credit Union to each of the customers referred to in Request No. 14.

**Request No. 16**

Documents sufficient to identify or describe the nature of the business operations of each commercial customer or noncommercial business customer of the Credit Union referred to in Request No. 14 from November 1994 to the present.

**Request No. 17**

All documents constituting or concerning the Credit Union's business plans or other descriptions of the means by which it intended to or did offer its products, goods and services to customers and potential customers from November 1994 to the present.

**Request No. 18**

All documents constituting or concerning any communications between the Credit Union and First Pioneer regarding either party's use of the words "First Pioneer" mark.

BOS_474892_2/EANDERSON

**Request No. 19**

All documents constituting or concerning any communications between the Credit Union

and any other person or entity regarding either party's use of any mark.

**Request No. 20**

A fully executed copy of the Credit Union's current charter, and each charter, including

any amendment, in effect at any time between November 1994 and the present.

**Request No. 21**

A copy of the Credit Union's business liability insurance policy provided by CUMIS

Insurance Society, Inc.

**Request No. 22**

All documents constituting or concerning communications between the Credit Union

(and anyone acting on its behalf) and CUMIS Insurance Surety, Inc. or any insurance agent or

broker (and/or anyone acting on behalf of CUMIS or any insurance agent or broker) concerning

the Complaint, this lawsuit or any other assertion that the Credit Union's use of the "First

Pioneer" mark is wrongful.

**Request No. 23**

All documents constituting or concerning any communication with the Credit Union that

addresses or refers to First Pioneer, or its goods, services, products or locations, even if not by

name.

**Request No. 24**

All documents concerning or relating to any person's or entity's actual or potential

confusion of (i) the Credit Union with First Pioneer; (ii) First Pioneer with the Credit Union;

(iii) the Credit Union with any other entity; or (iv) any other entity with the Credit Union.

BOS_474892_2/EANDERSON

**Request No. 25**

Copies of all documents filed with or received from any federal or state regulatory agency in which the scope of business, or the products, goods or services, or the geographic territory applicable to the Credit Union's business operations is discussed.

Dated:  February 8, 2005

FIRST PIONEER FARM CREDIT, ACA,

By its attorneys,

*Elizabeth A. Spinney*
Steven M. Cowley (BBO No. 554534)
Elizabeth A. Spinney (BBO No. 657848)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
Ph:  617·439·4444
Fx:  617·439·4170

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document was served upon counsel of record by hand this 8th day of February 2005.

*Elizabeth A. Spinney*
Elizabeth A. Spinney