UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| FIRST PIONEER FARM CREDIT, ACA, <br> Plaintiff, <br><br> v. <br><br> FIRST PIONEER CREDIT UNION, <br> Defendant. | CIVIL ACTION NO. 04-12508 GAO |

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

It is hereby stipulated and ordered as follows:

1. The parties are engaged in discovery, which implicates the disclosure of confidential, proprietary, and business information subject to protections afforded by Rule 26(c) of the Federal Rules of Civil Procedure.

2. First Pioneer Farm Credit, ACA has moved to compel the production of documents sufficient to identify the names, addresses, and classifications (according to all classification systems used by First Pioneer Credit Union) of First Pioneer Credit Union's clients. The motion is currently pending before this Court.

3. To resolve the pending motion and related discovery disputes, it is hereby ordered as follows:

   A.   First Pioneer Credit Union is ordered to produce a client list containing the names and addresses of its customers. The client list is deemed confidential and shall only be disclosed to (i) counsel of record; (ii) the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; (iii) experts retained by such counsel to the extent reasonably necessary to render professional services in the litigation; and (iv) one

person within First Pioneer Farm Credit, ACA's information technology department for the purpose of screening First Pioneer Credit Union's client list against the client list of First Pioneer Farm Credit, ACA for overlap. Should First Pioneer Farm Credit, ACA perform such an analysis of the client list, First Pioneer Farm Credit, ACA shall produce the results of the screening to First Pioneer Credit Union's counsel of record, and the results shall be confidential.

B.    First Pioneer Credit Union is also ordered to produce an address list containing the addresses and zip codes of its customers. The address list is deemed confidential and shall only be disclosed to (i) counsel of record; (ii) the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; (iii) experts retained by such counsel to the extent reasonably necessary to render professional services in the litigation; and (iv) one person within First Pioneer Farm Credit, ACA.

C.    First Pioneer Credit Union is ordered to produce documents in its custody, possession, and/or control in response to First Pioneer Farm Credit, ACA's Document Request No. 29. The documents produced to First Pioneer Farm Credit, ACA in response to Document Request No. 29 are deemed confidential and shall only be disclosed to (i) counsel of record; (ii) the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; and (iii) experts retained by such counsel, to the extent reasonably necessary to render professional services in the litigation.

D.    All documents deemed confidential by this Stipulation and Protective Order shall be designated confidential by stamping or labeling each page of the document

containing Confidential Information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving party that the information or document shall be CONFIDENTIAL under this Stipulation and Protective Order.

4. All documents and all information contained therein produced in response to this Stipulation and Protective Order ("Confidential Information") shall be used only for the prosecution or defense of this matter and in accordance with the terms of this Stipulation and Protective Order.

5. All documents produced by First Pioneer Farm Credit, ACA or First Pioneer Credit Union that are labeled CONFIDENTIAL shall be treated as Confidential Information under this Stipulation and Protective Order.

6. All recipients of Confidential Information under 3(A), (B), and (C) above shall be bound by the terms of this Stipulation and Protective Order.

7. The parties shall file a motion with the Court to have the Clerk of this Court maintain under seal all documents filed in this litigation which have been designated, in whole or in part, as CONFIDENTIAL pursuant to the terms of this Stipulation and Protective Order. The Motion shall be filed simultaneously with the filing of the confidential documents and/or deposition transcripts.

8. The Motion shall request that the information or documents subject to the confidentiality restrictions of this Stipulation and Protective Order that are used in pre-trial depositions, briefs, or other documents filed with the Court, or are referred to in any hearing before the Court, will be used or referred to under seal and bear the legend:

THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER AND IS SUBMITTED UNDER SEAL PURSUANT THERETO. THE CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.

9. Unless objection to disclosure is waived by counsel for the party who designated the information as CONFIDENTIAL or the Court orders otherwise, Confidential Information or portions thereof may be marked for identification, offered, or introduced into evidence, or otherwise disclosed only in an in camera portion of this Action closed to all persons except those listed in paragraph 3. The Court shall determine whether or to what extent the Confidential Information or portions thereof will remain in camera, will be made public, or will be stricken or excluded from the record. Pending such determination, any submission that is served, offered or introduced in camera shall be subject to the provisions of this Stipulation and Protective Order. That portion of the hearing transcript relating to in camera proceedings conducted pursuant to the Stipulation and Protective Order shall be sealed and subject to this Stipulation and Protective Order unless otherwise ordered by the Court. All parties reserve the right to appeal the determinations of the Court made pursuant to this subparagraph.

10. Nothing herein shall prevent any of the parties from publicly disclosing any of their own Confidential Information, as they deem appropriate. Such disclosure shall not waive the protections of this Stipulation and Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of it.

11. Determination of this Action shall not automatically terminate the directives of this Stipulation and Protective Order. Upon final determination of this Action, unless otherwise agreed to in writing by an attorney of record for the designating party, within thirty (30) days of the conclusion of this litigation, each party shall assemble and destroy or return to the party from whom the designated material was obtained, the designated material, including all copies,

extracts and summaries thereof, except that any documents or copies which contain or constitute an attorney's work product may be destroyed rather than returned. Written confirmation of compliance with this requirement shall be made at the request of either party or counsel.

12. No copies, replication, reproduction in any manner, or dissemination of Confidential Information shall be made except to the extent necessary to prepare and litigate this action, and a person receiving Confidential Information shall take such measures as are reasonably necessary to insure that all such copies, replication, or reproductions are returned to the producing party or destroyed at the conclusion of this action.

13. The terms of this Stipulation and Protective Order may be amended or modified by the written agreement of the parties or by order of the Court. This Stipulation and Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other information, as that party may consider appropriate. Nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to the protections of this Stipulation and Protective Order, and from applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Stipulation and Protective Order, or from applying for an order modifying this Stipulation and Protective Order in any respect.

14. Counsel for either party shall have the right to exclude from oral depositions any person, other than the deponent and the court reporter, who is not authorized by or under this Stipulation and Protective Order to receive Confidential Information, but such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising "CONFIDENTIAL" information.

15. Each party shall instruct any stenographer employed by that person that no copy of any transcript of any deposition taken by any party which is designated in part or in whole as Confidential Information shall be prepared or furnished by the stenographer to any other person other than to trial counsel for the parties.

16. This Stipulation and Protective Order shall be without prejudice to the right of the parties to object to production requests or discovery of any information. This Stipulation and Protective Order shall not prevent any of the parties from applying to the Court for further or additional Protective Orders.

17. In no event shall any material designated CONFIDENTIAL be disclosed to any person, other than the attorneys of record for the parties and their office staff, until such person has executed the Certification attached as Exhibit A to this Stipulation and Protective Order.

FIRST PIONEER FARM CREDIT, ACA,

By its attorneys,

*Elizabeth A. Spinney*
Steven M. Cowley (BBO No. 554534)
Elizabeth A. Spinney (BBO No. 657848)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
Ph: 617·439·4444
Fx: 617·439·4170


FIRST PIONEER CREDIT UNION

By its attorneys,

*Terri Pastori (EAS)*
Kevin C. Cain (BBO No. 550055)
Terri L. Pastori (BBO# 635323)
Michael J. Cedrone (BBO No. 657708)
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
Ph: 617·951·2100


Entered as an Order of the Court this 25th day of April 2005.

_____
George A. O'Toole, Judge

## CERTIFICATE

I hereby certify my understanding that confidential information is disclosed to me pursuant to the terms and restriction of the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER dated _____ in CIVIL ACTION NO. 04-12508 GAO. I also certify that I have been given a copy of that CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER have read its terms and conditions, and agree to be bound by them. I understand that all such confidential information that I may be shown and any note, memoranda, or any other form of information regarding or derived from the CONFIDENTIAL INFORMATION shall not be disclosed to anyone other than in accordance with the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER shall be used only for the purpose of the proceedings in CIVIL ACTION NO. 04-12508 GAO and shall subsequently be destroyed or returned in accordance with the provisions of paragraph 11.

_____    Dated:_____
Signature


_____
Print Name